SPRUNT ET AL v. HEWLETT ET AL., BOARD OF COMMISSIONERS, AND GARDNER ET AL., BOARD OF ELECTIONS OF NEW HANOVER COUNTY, AND MacMILLAN ET AL., NEW HANOVER COUNTY ALCOHOLIC CONTROL BOARD, AND CITY OF WILMINGTON.

(Filed 1 November, 1935.)

APPEAL by the plaintiffs and defendants from *Frizzelle, J.,* at July Term, 1935, of NEW HANOVER.

*Varser, McIntyre & Henry and I. C. Wright for plaintiffs.*
*Bellamy & Bellamy and Bryan & Campbell for defendants.*

SCHENCK, J. This is an equitable action wherein the plaintiffs, upon allegations of unconstitutionality, sought to enjoin the defendants from holding the election and putting into effect the other provisions of chap-

ter 418 of the Public Laws of 1935, which provides for an election to be held to determine whether the statute which carries two major provisions shall become the law in New Hanover County, these provisions being, first, to make the general law prohibiting traffic in alcoholic beverages (Art. 8, ch. 66, Vol. 3, Consolidated Statutes) inapplicable to New Hanover County, and to establish a method for such traffic under county supervision and control, and, second, to make the traffic in alcoholic beverages in said county otherwise than provided in said statute a misdemeanor and to prescribe punishment therefor.

The several judgments of the court below denied orders restraining the holding of the election and the putting into operation of the other provisions of the statute, except the provision for financing such operations from general county funds, and to these judgments denying injunctive relief the plaintiffs excepted and appealed, and to those provisions in the judgments allowing injunctive relief against the financing of the operations of the statute from general county funds the defendants excepted and appealed.

While there are some differences between Chapter 418 of the Public Laws of 1935, involved in this case, and chapter 493 of said laws, involved in the case of *Newman et al. v. Watkins et al., Board of County Commissioners, and Royster et al., Board of Elections of Vance County, ante,* 675, the general provisions of the two statutes are to the same effect, and the pleadings in the two cases are similar and the same result is sought through the same method, and practically the same questions are involved in the appeals in the two cases.

Under the authorities cited in the *Vance County case, supra,* the plaintiffs cannot maintain this action for injunctive relief, since they nowhere allege that they, individually or collectively, will suffer irreparable injury, or that there will be any invasion of their property rights by the holding of the election, or by the putting into effect any or all of the other provisions of the statute as a result of the election. "Courts never pass upon the constitutionality of statutes, except in cases wherein the party raising the question alleges that he is deprived of some right guaranteed by the Constitution, or some burden is imposed upon him in violation of its protective provisions." *St. George v. Hardie,* 147 N. C., 88 (97).

Affirmed on plaintiffs' appeal.

Error on defendants' appeal.

CLARKSON, J., dissenting: The caption of chapter 418, Public Laws 1935, is as follows: "An act to exempt New Hanover County from the provisions of Article Eight of Chapter Sixty-six of Volume Three of the Consolidated Statutes, known as the Turlington Act."

Art. II, sec. 29, of the Constitution of North Carolina, in part: "The General Assembly shall not pass any local, private, or special act or resolution . . . relating to *health,* sanitation, and the abatement of nuisances . . . regulating labor, trade, mining, or manufacturing, . . . nor shall the General Assembly enact any such local, private, or special act by the partial repeal of a general law, but the General Assembly may at any time repeal local, private, or special laws enacted by it. Any local, private, or special act or resolution passed in violation of the provisions of this section shall be void."

Sec. 2 of ch. 418, Public Laws 1935, *supra,* says, in part: "This act shall be deemed an exercise of the police power of the county of New Hanover, for the protection of the . . . health," etc.

It is in the very *word* and teeth of the Constitution, above quoted, and therefore unconstitutional. It is a partial repeal of a general law.

My dissent in *Newman et al. v. Watkins et al., ante,* 675, from Vance, states fully the reasons I think the Pasquotank Act unconstitutional and injunctive relief is the proper remedy, and applies to this case also.

The questions involved on this appeal: (1) Did his Honor err in permitting an election and in making the city of Wilmington a party, having declared the act unconstitutional? I think so. (2) While an appeal is pending to the Supreme Court from an injunction continued to the final hearing, is it proper, after the judge who heard it is through hearing the courts of the district, except by exchange, and while the act is still declared unconstitutional, is it error for the judge to modify his previous injunction, and permit the county commissioners to appoint a liquor board, and the liquor board to open up stores and sell liquor, and put the act, which the same judgment and order holds unconstitutional, into effect? I think so. (3) Was it error for the court to find that there was a balance in the New Hanover County general fund, and that the liquor board, when appointed, could buy upon its own credit, and without pledging the faith and credit of New Hanover County? I think so.

I do not think it necessary to state further my reasons for dissenting, except to say, from an examination of this act that it is a special privilege, far reaching and destructive of constitutional government. It may not be amiss to say that it is to the credit of such well-known and prominent citizens, that they thought it their duty to bring this action to declare this act unconstitutional. They appear as plaintiffs: W. H. Sprunt, Rev. J. A. Sullivan, Roger Moore, Chas. Ruffin, W. F. Moore, J. L. Becton, H. S. McGirt, J. E. Willoughby, F. G. Rose, Wm. Struthers, Rev. A. J. Barton, S. J. Ellis, W. A. Walker, Sr., Mary Louise Walker, J. A. McDougall, H. W. Stevens, Sr., and B. B. Pridgen.

Sec. 26 of the act in question: "Nothing herein contained shall be construed so as to permit the manufacture and sale of alcoholic beverages in North Carolina except as herein provided." Sec. 27: "All laws

or parts of law inconsistent with the provisions of this act are hereby repealed." Nowhere in North Carolina, not even in the counties under the Pasquotank Act, is permitted "the manufacture and sale of alcoholic beverages in North Carolina *except as herein provided*"—that is, New Hanover County to have the exclusive privilege—the kingly power.

> "Upon what meat doth this our Cæsar feed,
> That he is grown so great?"
>                    (Shakespeare—*Hamlet.*)

For the reasons given, I think the judgment on plaintiffs' appeal should be reversed—on defendants' appeal, no error.