LEVI HILL, B. R. FIELDS, W. L. MANESS, W. P. MOORE, AND CHARLES RUFFIN v. THE BOARD OF COMMISSIONERS OF GREENE COUNTY, GEORGE C. MOORE, L. F. HERRING, H. S. GRANTHAM, J. H. WHITAKER, J. S. WHITLEY, AND COUNTY BOARD OF ELECTIONS OF GREENE COUNTY, NORTH CAROLINA, F. A. MOSELEY, CHAIRMAN, AND B. M. MERCER.

(Filed 11 December, 1935.)

Statutes A e: Injunctions B e—Plaintiffs held not entitled to enjoin election to determine whether repeal statute should apply to the county.

Plaintiffs sought to enjoin the holding of an election under ch. 493, Public Laws of 1935, to determine whether the county should be subject to a statute which provided for the repeal of the general law relating to intoxicating liquor and for sale of intoxicating liquor under county supervision and control, and provided that sale otherwise as permitted by the statute should be a misdemeanor. Plaintiffs did not allege that they will suffer any direct injury, or that there will be any invasion of their property rights if the election is held, or if the statute is put into effect as a result of the election. *Held:* In the absence of such allegations, plaintiffs are not entitled to the injunctive relief sought, and judgment of the lower court requiring defendants to give bond as a condition precedent to the holding of the election is error.

DEVIN, J., took no part in the consideration or decision of this case.

CLARKSON, J., dissenting.

APPEAL by both plaintiffs and defendants from *Frizzelle, J.,* at Chambers in Snow Hill, 13 July, 1935. From GREENE.

*L. R. Varser, I. C. Wright, K. A. Pittman, and John D. Langston for plaintiffs.*
*Walter D. Sheppard for defendants.*

SCHENCK, J.   This is an equitable action wherein the plaintiffs, upon allegations of unconstitutionality, sought to enjoin the defendants from holding the election and putting into effect the other provisions of chapter 493, Public Laws 1935, which provide for an election to be held to determine whether the statute which carries two major provisions shall become the law in Greene County, these provisions being, first, to make the general law prohibiting traffic in alcoholic beverages (Art. 8, ch. 66, Vol. 3, Consolidated Statutes) inapplicable to Greene County and to establish a method for such traffic under county supervision and control, and, second, to make the traffic in alcoholic beverages in said county otherwise than provided in said statute a misdemeanor and prescribe punishment therefor.

The resident judge of the Fifth Judicial District entered a number of judgments in this case, the final one of which permitted the carrying out of the provisions of the act conditioned upon the defendants filing a bond indemnifying the petitioners and other taxpayers of Greene County from liability and civil responsibility for any act done or contract made by the defendants pursuant to the provisions of the act.   From this judgment both parties appealed, the plaintiff assigning as error the refusal of the court below to enjoin the holding of the election and the putting into effect of the other provisions of the statute, and the defendants assigning as error the provision in the judgment requiring them to furnish an indemnity bond.

Under the authorities cited in *Newman et al. v. Watkins et al., Board of County Commissioners, and Royster et al., Board of Elections of Vance County,* 208 N. C., 675, the plaintiffs cannot maintain this action for injunctive relief, since they nowhere allege that they will suffer any direct injury, or that there will be any invasion of their property rights if the election is held, or if the statute is put into effect as a result of the election.   "Courts never pass upon the constitutionality of statutes except in cases wherein the party raising the question alleges that he is deprived of some right guaranteed by the Constitution, or some burden is imposed upon him in violation of its protective provisions."   *St. George v. Hardie,* 147 N. C., 88 (97).

The action is dismissed.

Affirmed on plaintiffs' appeal.

Error on defendants' appeal.

DEVIN, J., took no part in the consideration or decision of this case.

CLARKSON, J., dissenting:   This case presents the same question as was decided in *Newman et al. v. Comrs. of Vance et al.,* 208 N. C., 675. In that case I dissented, as I do in this case, saying (at p. 678) : "I

think the act unconstitutional as impinging four articles of the Constitution of North Carolina, and void for uncertainty, and injunctive relief should have been granted."

I think that the question of the unconstitutionality of the act was duly raised and plaintiffs were deprived of rights guaranteed by the Constitution and were entitled to injunctive relief, and the allegations in the complaint of plaintiffs fully sufficient to grant the relief prayed for.

This is a government founded on the consent of the governed, subject to constitutional limitations. It is the best so far established by the human family to preserve an orderly system of government so as to insure peace, order, and good government. In violation of the Constitution and in the face of a popular vote, inaugurated by those desiring wet delegates to a convention to repeal the 18th Amendment, the dry delegates won by a majority of 184,576, yet notwithstanding this the Pasquotank Liquor Act was passed.

This State was the first to declare an act of the General Assembly unconstitutional. In *Bayard v. Singleton,* Vol. 1, N. C. Reports, 5 (November Term, 1787), p. 45, it is said: "But there it was clear, that no act they could pass, could by any means repeal or alter the constitution, because if they could do this, they would at the same instant of time destroy their own existence as a Legislature, and dissolve the government thereby established. Consequently, the Constitution (which the judicial power was bound to take notice of as much as of any other law whatever), standing in full force as the fundamental law of the land, notwithstanding the act on which the present motion was grounded, the same act must, of course, in that instance, stand as abrogated and without any effect."

In *Marbury v. Madison,* 1 Cranch, 137 (February Term, 1803), the Supreme Court of the United States said, p. 180: "It is also not entirely unworthy of observation, that in declaring what shall be the supreme law of the land, the Constitution itself is first mentioned; and not the laws of the United States generally, but those only which shall be made in pursuance of the Constitution, have that rank. Thus, the particular phraseology of the Constitution of the United States confirms and strengthens the principle, supposed to be essential to all written constitutions, that a law repugnant to the Constitution is void; and that courts, as well as other departments, are bound by that instrument." At p. 163, we find: "The Government of the United States has been emphatically termed a government of laws, and not of men."

I think the action should not be dismissed, but should be reversed on plaintiffs' appeal, and no error on defendants' appeal.