C. B. GOSWICK, NELLO L. TEER, AND HUBERT C. TEER, FOR THEMSELVES
AND ON BEHALF OF ALL OTHER CITIZENS AND TAXPAYERS OF THE CITY OF
DURHAM WHO MAY DESIRE TO JOIN IN THIS ACTION, v. CITY OF DUR-
HAM.

(Filed 9 June, 1937.)

1. **Municipal Corporations § 43—Purchase of land for airport from surplus
   funds held within power of city.**

   The purchase of lands by a city for a municipal airport is for a public
   purpose, ch. 87, Public Laws of 1929, and where a city has made such
   purchase from surplus funds in its treasury its purchase will not be held
   invalid as being *ultra vires*, even though a part of the surplus funds used
   to pay the purchase price was derived from *ad valorem* taxes, the exe-
   cuted contract not offending the provisions of Art. VII, sec. 7.

2. **Appeal and Error § 45a—**

   An exception to a finding of fact not supported by the evidence will be
   sustained.

3. **Municipal Corporations § 43—Judgment that city may not use funds de-
   rived from taxes for airport improvements without vote is upheld.**

   The judgment of the Superior Court sustained the purchase of land by
   defendant city for an airport, found that funds which the city proposed
   to spend for improvement of the airport were surplus funds derived from
   sources other than *ad valorem* taxes, and authorized the expenditure of
   such funds for that purpose, but held that the city was without power to
   expend money obtained from taxes for the airport unless authorized by
   a vote of the people. On plaintiff taxpayer's appeal, the executed con-
   tract of purchase was upheld, but it was determined that the finding that
   proposed expenditures for improvement were available from sources other
   than *ad valorem* taxes was not supported by the evidence, and the other
   part of the judgment being unexcepted to, the judgment as modified is
   affirmed.

   STACY, C. J., concurs in result.

APPEAL by plaintiffs from *Williams, J.,* at December Term, 1936, of
DURHAM. Modified and affirmed.

Taxpayers' suit to restrain the city of Durham from expending tax
derived funds for the construction of a municipal airport.

The plaintiffs allege that the city of Durham, on 22 June, 1936,
expended the sum of $40,000 for the purchase of land near the city for
the purpose of constructing thereon an airport, or landing field for air-
planes and aircraft, and that the city plans to expend large additional
sums of money for the equipment and maintenance of said landing field;
that the expenditures for this purpose were and are unlawful, in that
the city used funds derived from *ad valorem* taxes for the fiscal year
ended 30 June, 1936, and intends to continue to use funds obtained from
taxation for the development of said airport, and that said expenditures

were not for the necessary expense of, nor approved by, the qualified electors of the city. Plaintiffs prayed that defendant be restrained from spending public funds for the development of said land as an airport, and from entering into any contract with the Federal Works Progress Administration, or in any way incurring obligation or pledging the credit of the city for that purpose.

The city of Durham, in its answer, admitted that it had purchased the land for the purpose of constructing and developing a municipal airport, and alleged that the expenditures therefor had been made out of the surplus funds of the city, and that the proposed expenditure of additional sums for the equipment of said property as a practical landing field for aircraft was for a public purpose in accordance with chapter 87, Public Laws of 1929, and that no expenditure of the funds of the city would be made except as authorized by law. The defendant admitted that it had secured an allotment of funds from the Federal Works Progress Administration for this purpose, but that in the agreement with the Federal agency it did not pledge the faith of the city beyond its lawful ability. It was further set forth in the answer that Durham is a city of substantial and expanding growth, with a present estimated population of 65,000, and total taxables in excess of seventy-one million dollars. It was admitted that the construction of a municipal airport constituted a public purpose though not a necessary expense within the meaning of Article VII, sec. 7, of the Constitution of North Carolina, and that no vote of the people had been had thereon, nor was one contemplated.

The trial judge, upon consideration of the pleadings and affidavits and exhibits offered, made full findings of fact, setting out in detail the condition of the finances and revenues of the city of Durham as of the close of the fiscal year ended 30 June, 1936, and among other things found that the expenditure for the purchase of the land for this airport was from available surplus revenues and in all respects valid, and that the sum of $4,923 then in the treasury and derived from sources other than *ad valorem* taxes and sale of cemetery lots, was available for use in connection with the construction and equipment of the airport.

It was held by the court below that the city of Durham did not have legal authority and was not authorized to expend for the purpose of constructing or operating airport facilities any fund derived from *ad valorem* taxes, whether surplus funds or otherwise, but that the city could lawfully use for this purpose the sum of $4,923 then available, which the court found was derived from sources other than *ad valorem* taxes and sale of cemetery lots. And it was adjudged that the city be "restrained from expending (unless authorized so to do by a vote of the people) any sums of money held in surplus account or elsewhere, now or hereafter, derived from money obtained by levying and collecting

taxes, or from contracting any debt, pledging its faith, loaning its credit, or levying and collecting any tax, for the purpose of constructing and establishing airport facilities of any nature or kind, either directly or indirectly."

Plaintiffs excepted to certain findings of fact, and from the judgment thereon appealed.

*Basil M. Watkins, L. P. McLendon, and W. P. Farthing for plaintiffs.*
*S. C. Chambers, City Attorney, and R. P. Reade for defendant.*

DEVIN, J. The plaintiffs contend that it sufficiently appears from the figures and mathematical calculations contained in the exhibits offered, evidencing the fiscal affairs of the city of Durham as of 30 June, 1936, upon which the findings of fact and the judgment of the court were based, that the funds used for the purchase of land for the municipal airport were derived in whole or in part from *ad valorem* taxes, and that therefore the purchase should be held invalid and the property required to be sold and the proceeds converted back into the city treasury for the benefit of the taxpayers in the reduction of prospective tax rate.

But we cannot hold that the purchase of the land was invalid or decree its sale. If it be conceded that a portion of the funds from which $40,000 was paid for the property was derived from *ad valorem* taxes, this was an executed contract for the purchase of property, for an admittedly public purpose (chapter 87, Public Laws 1929). The acquisition of the land from surplus funds was not beyond the power of the city and it in no way offended the provisions of Article VII, sec. 7, of the Constitution. *Adams v. Durham,* 189 N. C., 232; *Nash v. Monroe,* 198 N. C., 306.

The exception to the finding of fact that there was a net available amount of $4,923 of surplus revenue in the treasury of the city derived from sources other than taxes and sale of cemetery lots, and the adjudication that this amount was now available for expenditures in the construction and equipment of a municipal airport, must be sustained, as we are of opinion that the figures and calculations shown in the evidence adduced do not support the conclusions of the court below on this point.

No exception was noted by either side to that portion of the judgment restraining the city of Durham from expending money obtained from taxes for the purposes of a municipal airport, unless authorized to do so by a vote of the people, and the judgment in that respect must be affirmed.

The good faith of the officials of the city of Durham in the exercise of judgment in fixing its budgets and in the handling of public funds is in no way questioned.

While there is no contention that the construction, equipment, and maintenance of an airport and landing field is a necessary municipal

expense within the meaning of Article VII, sec. 7, of the Constitution (*Henderson v. Wilmington,* 191 N. C., 269), yet it may not be improper to say that man's constantly advancing progress in the conquest of the air as a medium for the transportation of commerce and for public and private use indicates the practical advantage and possible future necessity of adequate landing facilities for the use of the "argosies of magic sails . . . dropping down with costly bales" to the same extent that paved streets and roads are now regarded for the purposes of communication and transportation on land. *Hargrave v. Commissioners,* 168 N. C., 626; *Dysart v. City of St. Louis,* 321 Mo., 514. As was said by *Brogden, J.,* speaking for the Court in *Walker v. Faison,* 202 N. C., 694, "The law is an expanding science, designed to march with the advancing battalions of life and progress and to safeguard and interpret the changing needs of a commonwealth or community."

The judgment of the court below, except as herein modified, is Affirmed.

STACY, C. J., concurs in result.