BARNHILL, J., dissenting.
This was an action to enjoin the City of Reidsville from issuing bonds and levying tax for the construction and maintenance of a municipal airport, and to restrain the prosecution of proceedings to condemn lands *Page 43 
for this purpose. The hearing below was on motion to show cause why restraining order should not issue.
The facts found by the court were substantially as follows: Pursuant to an ordinance of the City Council of the City of Reidsville, declaring that it was necessary and in the public interest to construct a municipal airport and to issue bonds and levy a tax therefor, a special election was called and the question submitted to a vote of the people. At the election a majority of the qualified voters approved, and thereafter anticipation notes were issued, surveys made, certain property purchased and condemnation proceedings instituted for the condemnation of lands outside the City of Reidsville, for the purpose of constructing and maintaining a municipal airport. The plaintiffs, who are seeking to restrain the defendants from further proceeding in the matter, are citizens and taxpayers of the City of Reidsville, but do not own, or have any interest in, any of the lands which the City is attempting to condemn.
It was concluded that the election approving the bond issue and tax levy for the airport was in all respects legal, and that the anticipation notes, and the bonds when issued, are and would be binding obligations of the City, and that the establishment and maintenance of the proposed municipal airport was for a public purpose.
However, it was held that ch. 186, Public Laws 1943, which purported to give additional power to the City in the condemnation of land with respect to dwellings and burying grounds, was unconstitutional and void, and therefore it was ordered that the defendants be forever restrained from entering upon or condemning such of the premises described in the condemnation petitions as may be used as cemetery, graveyard, residence occupied by owner, or other property withdrawn from condemnation by C. S., 1714.
From so much of the order as held the bonds and tax levy for a municipal airport valid and for a public purpose the plaintiffs appealed. From so much of the order as held the Act of 1943 unconstitutional, and enjoined defendants from proceeding with the condemnation of certain lands the defendants appealed.
PLAINTIFFS' APPEAL.
It was not controverted that in the election called and held pursuant to an ordinance of the City Council of the City of Reidsville, and in accordance with the general statutes and city charter, a majority of the qualified voters approved the proposition to establish and maintain a municipal airport and to issue bonds and levy a tax therefor, but the *Page 44 
plaintiffs base their action to restrain further proceeding upon the ground that the expenditure of city funds for this purpose would violate the constitutional provision that "taxes shall be levied only for public purposes" (Art. V, sec. 3), and that the construction of a municipal airport by the City of Reidsville, such as is proposed, would not be for a public purpose within the meaning of the Constitution, and would result in a waste of public funds.
Thus the controversy is reduced to a narrow compass.
While the statute (Public Laws 1929, ch. 87) authorizes cities and towns to establish municipal airports outside their corporate limits, and declares the acquisition of property therefor to be for a public purpose, and while the ordinance adopted by the City Council of the City of Reidsville declared that the construction of the proposed airport was in the public interest and for a public purpose, it remains in the final analysis a question for the Court to determine whether the particular expenditure of public funds or the proposed levy of taxes is for a public purpose, taking into consideration the pertinent factors of time and circumstance. As was said by Seawell, J., in Wells v. Housing Authority,213 N.C. 744, 197 S.E. 693: "The Court will determine what is a `public purpose,' looking to the end sought to be reached and to the means to be used, rather than to statutory declarations to aid its decision." Similar statements of this principle were expressed in Cozard v. Hardwood Co.,139 N.C. 283 (295), 51 S.E. 932; Yarborough v. Park Com., 196 N.C. 284,145 S.E. 563; Deese v. Lumberton, 211 N.C. 31, 188 S.E. 857; Reed v.Highway Com., 209 N.C. 648, 184 S.E. 1; Brown v. Comrs., 223 N.C. 744;Green v. Frazier, 253 U.S. 233 (240); Milheim v. Moffat,262 U.S. 710 (717).
The rule by which the courts should be governed in determining the question whether a proposed municipal expenditure is for a public purpose was stated in the opinion by Stacy, C. J., in Briggs v. Raleigh,195 N.C. 223, 141 S.E. 597, as follows: "Where the question is doubtful, as it is here, and the Legislature has decided it one way and the people to be taxed have approved that decision, it is the general rule of construction that the will of the law-makers, thus expressed and approved, should be allowed to prevail over any mere doubt of the courts." In support of this statement of the rule the Chief Justice quotes the following from S. v.Cornell, 53 Neb. 556, 74 N.W. 59, 39 L.R.A., 513: "To justify a court in declaring a tax invalid on the ground that it was not imposed for the benefit of the public, the absence of a public interest in the purpose for which the money is raised by taxation must be so clear and palpable as to be immediately perceptible to every mind." In Hudson v. Greensboro,185 N.C. 502, 117 S.E. 629, an issue of bonds to aid in the construction of a railroad passenger station, authorized by the *Page 45 
Legislature and approved by a vote of the people, was held not to violate any constitutional provision, and to be a matter of public policy for the local community.
Undoubtedly the consensus of judicial opinion is in full support of the view that the courts will not interfere with the lawfully expressed will of the community, in the interpretation of its interests and prospective needs, unless the objects to be attained are clearly beyond the scope of corporate purposes and power, or in violation of some constitutional inhibition.
However, the plaintiffs point out that no public air line now makes Reidsville a stopping place for air traffic, nor are there definite assurances for the future, or apparent demands for facilities for public or private aircraft service, and they urge this in support of their contention that a municipal airport for Reidsville is neither needed in the public interest nor prospectively advantageous for its citizens or industries, and that the construction and maintenance of the airport would entail a waste of public funds. It is further contended that the amount authorized to be expended would be inadequate for the purpose. To this the defendants reply that transportation by air would never be available to the City without a suitable landing field, and that the reasonable expectation of obtaining the advantage of this means of transportation for persons and freight, now in general use the world over, for a city of more than ten thousand inhabitants, engaged in many industries and pursuits, renders necessary and advisable, in the public interest, that provisions be made now to accommodate this established and constantly expanding means of transportation. The defendants also assert that the amount of the bond issue was in keeping with the practical estimates of contractors and others experienced in work of this nature.
In Hesse v. Rath, 249 N.Y. 436, 164 N.E. 342, decided in 1928, ChiefJustice Cardozo expressed the Court's recognition of the importance of municipal airports as follows: "Aviation is today an established method of transportation. The future, even the near future, will make it still more general. The city that is without the foresight to build the ports for the new traffic may soon be left behind in the race of competition." And inGoswick v. Durham, 211 N.C. 687, 191 S.E. 728, it was said: "Man's constantly advancing progress in the conquest of the air as a medium for the transportation of commerce and for public and private use indicates the practical advantage and possible future necessity of adequate landing facilities." In 135 A.L.R., 756; 83 A.L.R., 345; 69 A.L.R., 325; and 62 A.L.R., 777, will be found collected numerous decisions in other jurisdictions holding that the use of public funds for the construction, maintenance and operation of a municipal airport is for a public purpose. *Page 46 
The court found that the City Council acted in good faith in declaring the construction of a municipal airport to be in the public interest. There was evidence to support this finding and to negative the charge of abuse of discretion on the part of the council. Storm v. Wrightsville Beach,189 N.C. 679 (684), 128 S.E. 17; Harris v. Durham, 185 N.C. 572 (577),117 S.E. 801. See also Ketchie v. Hedrick, 186 N.C. 392, 119 S.E. 767.
Whatever may be the future results of the planning to which the people of Reidsville by their votes have given approval, upon the finding of the court below on the evidence presented to him, we are constrained to uphold the ruling that the construction and maintenance of a municipal airport for Reidsville is for a public purpose within the meaning of the constitutional limitation, and that no right guaranteed by the 14th Amendment to the Federal Constitution will be injuriously affected.
DEFENDANTS' APPEAL.
The defendants appealed from that portion of the order entered below in which ch. 186, Public Laws 1943, was held unconstitutional and void. Predicated upon that holding, the court restrained the defendants from proceeding with the condemnation of any lands coming within the exceptions set out in C. S., 1714 (now G.S., 40-10). It appears, however, that none of the plaintiffs own any land or interest in any land sought to be condemned. Hence, no right to which they are entitled has been in any way invaded or threatened by any action of the defendants under or by virtue of the challenged statute. In that case they may not be permitted to use the mooted question of the validity of the statute as a weapon with which to strike down a proceeding in which they have no interest.
It is the established rule in this jurisdiction that the courts will not declare void an Act of the Legislature unless the question of its constitutionality is presently presented and it is found necessary to do so in order to protect rights guaranteed by the Constitution. The presumption is that an Act of the Legislature does not violate a constitutional prohibition. The contrary must appear beyond a reasonable doubt. And the courts will not undertake to determine the constitutionality of a statute in advance of the necessity of doing so. Wood v. Braswell, 192 N.C. 588,135 S.E. 529; Yarborough v. Park Commission, 196 N.C. 284,145 S.E. 563; Matthews v. Blowing Rock, 207 N.C. 451, 177 S.E. 429;Newman v. Comrs. of Vance, 208 N.C. 675, 182 S.E. 453; Sprunt v.Comrs. of New Hanover, 208 N.C. 695, 182 S.E. 655; Hill v. Comrs. ofGreene, 209 N.C. 4, 182 S.E. 709; S. v. High, 222 N.C. 434, 23 S.E.2d 343. *Page 47 
"It is an established principle that to entitle a private individual to invoke the judicial power to determine the validity of executive or legislative action he must show that he has sustained or is in immediate danger of sustaining a direct injury as the result of that action and it is not sufficient that he has merely a general interest common to all members of the public." Ex Parte Levitt, 302 U.S. 633, 82 Law. Ed., 493. "A party who is not personally injured by a statute is not permitted to assail its validity." Yarborough v. Park Commission, supra.
The allegation that within the territory at present selected for the construction of the airport there may be some portions of public roads is not material to plaintiffs' action or to the decision of this case. That is a matter primarily for the State Highway and Public Works Commission rather than for these plaintiffs.
We think the court was in error, in this case, in undertaking to determine the constitutionality of the Act of 1943, and in declaring it to be null and void, and thereupon restraining, at the instance of these plaintiffs, the prosecution of the proceedings for condemnation of the lands of others, now pending before the clerk. The question of the validity and effect of this Act, debated in the briefs, is not presented on this record and is not herein decided.
On plaintiffs' appeal: Affirmed.
On defendants' appeal: Reversed.