T. A. WATKINS v. CITY OF WILSON, A BODY CORPORATE AND POLITIC; JOHN WILSON, MAYOR AND CHAIRMAN OF THE BOARD OF COMMISSIONERS OF THE CITY OF WILSON; THOMAS WATSON, JR., T. F. HACKNEY, WINETTE PETERS, H. P. BENTON, JR., EARL BRADBURY AND EDGER NOR-RIS, SERVING AS THE BOARD OF COMMISSIONERS OF THE CITY OF WILSON; MRS. CECIL NEWBERRY, MRS. T. L. NOE, MRS. ALBERT THOMAS, W. F. PEABODY, MRS. JOHN G. ASHE, JR., MRS. M W. SUTTON, JR., ALL BEING PRECINCT REGISTRARS APPOINTED FOR THE MAY 2, 1961, ELECTIONS OF THE CITY OF WILSON; MRS. GEORGE THOMAS DANIELS, MRS. W. F. THRASHER, W. L. MORRIS, GARY T. FULGHUM, JOHN HARRISS, MRS. ANNIE BISHOP, JANIE LIVERMAN, MRS. DOVERY WATSON, M. D. JAMES, MRS. RUSSELL LANDEN, MRS. H. T. BARKLEY, MRS. ROBERT PEARCE, ALL BEING PRECINCT, ELECTION JUDGES APPOINTED FOR THE MAY 2, 1961, ELECTIONS OF THE CITY OF WILSON.

(Filed 11 October, 1961.)

**1. Constitutional Law §§ 4, 10—**

While the Court has the power to declare an act of the Legislature void as contravening the constitution, the Court will exercise this power only at the instance of a person whose constitutional rights are adversely affected or threatened.

**2. Elections §§ 4, 10—**

The constitutionality of a statute requiring a vote for as many candidates as there are vacancies to be filled for the office of city commissioner may not be challenged by a candidate when he fails to show that the votes for him on ballots accepted plus the number of ballots rejected for failure of the elector to vote for the required number, could alter the result as to him.

APPEAL by plaintiff from *Stevens, J.,* June 1, 1961 Civil Term of WILSON.

This action was begun on 12 April 1961 when plaintiff filed his complaint alleging the charter of the City of Wilson as amended in 1957 prescribing the manner for electing city officials was unconstitutional and void, adversely affecting plaintiff's rights as an elector and candidate for the office of city commissioner at an election to be held on 2 May 1961.

The governing officials of the city are, by charter provision, a mayor and six commissioners. Nonpartisan elections are held in May in odd numbered years for the election of these city officials. Commissioners are elected at large by qualified voters of the city. A single ballot is provided containing the names of all who have given notice of their candidacy for the office of commissioner. The six candidates receiving the highest number of votes are the elected commissioners.

Section 3 of the Act of 1957 amending the charter provides: "No ballot for Commissioners shall be valid unless as many candidates shall be voted for as there are vacancies to be filled."

Plaintiff alleged: He was a candidate for the office of commissioner at the election to be held on 2 May 1961; he and many other electors were unwilling to comply with the requirements of the city charter and vote for a sufficient number of candidates to fill all vacancies; election officials would treat as invalid and refuse to count those ballots where the elector did not vote for six commissioners.

He asked the court to declare the statute requiring electors to vote for six commissioners void, and for an order requiring the officials to show cause why they should not be enjoined from complying with the statute.

The motion for the restraining order was presented to Judge Carr. 21 April 1961. He, on that date, issued an order directing defendants to appear on 25 April before Judge Stevens, regularly assigned to hold the courts of the Seventh District. Judge Stevens heard the parties but declined to enjoin compliance with the statute. The election was held in accord with the statutory provision. The official ballot contained thirteen names, including plaintiff's. It informed electors:

"1. To vote for a candidate on the ballot make a cross x mark in the square at the left of his name.

"2. For legal ballot, vote for six candidates.

"3. If you tear or deface or wrongfully mark this ballot, return it to registrar and get another."

The election officials declared the six whose names were marked on ballots conforming to the statute duly elected. They received 2036, 1897, 1885, 1835, 1831, and 1332 votes respectively on complete ballots.

Plaintiff received a total of 211 votes on complete ballots, that is, ballots for six commissioners. There were a total of 761 ballots not

counted for any commissioner because of the failure of the elector to vote for the requisite number. Plaintiff's name appeared upon a substantial number of the 761 ballots not counted. Other names also appeared on the 761 ballots not counted, but on none of them as many as six names appeared. Subsequent to the election, plaintiff moved the court to declare the election void and the quoted statutory provision invalid because of asserted conflict with sections 10 and 37 of Art. I and sections 1 and 6 of Art. VI of the North Carolina Constitution and the Fourteenth Amendment to the Constitution of the United States.

At the hearing the parties stipulated the facts as summarized above. Judge Stevens, being of the opinion that the Act was constitutional, dismissed the action. Plaintiff appealed.

*Romallus O. Murphy, Samuel S. Mitchell, and George R. Greene for plaintiff appellant.*

*Lucas, Rand and Rose for defendant appellees.*

PER CURIAM. The power and duty of a court to declare an act of the Legislature void because it violates some constitutional provision was recognized in North Carolina as early as 1787. *Bayard v. Singleton,* 1 N.C. 42. Courts do not, however, exercise this power at the behest of one not adversely affected by the statute. They act only when necessary for the protection of some right guaranteed by the Constitution.

The rule was succinctly stated and aptly applied when the right of *Mr. Justice Black* to serve as a member of the Supreme Court of the United States was challenged. The Court, in denying the right to question the appointment, said: "It is an established principle that to entitle a private individual to invoke the judicial power to determine the validity of executive or legislative action he must show that he has sustained or is immediately in danger of sustaining a direct injury as the result of that action and it is not sufficient that he has merely a general interest common to all members of the public." *Ex parte Albert Levitt,* 302 U.S. 633, 58 S. Ct. 1, 82 L. ed. 493. We have consistently applied the rule so stated. *Greensboro v. Wall,* 247 N.C. 516, 101 S.E. 2d 413; *Fox v. Comrs. of Durham,* 244 N.C. 497, 94 S.E. 2d 482; *Turner v. Reidsville,* 224 N.C. 42, 29 S.E. 2d 211; *Leonard v. Maxwell,* 216 N.C. 89, 3 S.E. 2d 316; *Newman v. Comrs. of Vance,* 208 N.C. 675, 182 S.E. 453; *Sprunt v. Comrs. of New Hanover,* 208 N.C. 695, 182 S.E. 655; *Hill v. Comrs. of Greene,* 209 N.C. 4, 182 S.E. 709; *Yarborough v. Park Comm.,* 196 N.C. 284, 145 S.E. 563

On the admitted facts plaintiff is not in a position to call for a

determination of the constitutionality of the statutory provision. Even if credited with all rejected ballots, he would not have enough votes to change the result. The court correctly dismissed the action.

Affirmed.