PEACOCK *v.* SCOTLAND COUNTY.

J. A. PEACOCK FOR HIMSELF AND ON BEHALF OF ANY OTHER TAXPAYERS OF SCOTLAND COUNTY v. COUNTY OF SCOTLAND AND SIDNEY D. SMITH, R. F. McCOY, ED McLAURIN, JESSE SNEED, AND JAMES A. GIBSON, CONSTITUTING THE BOARD OF COUNTY COMMISSIONERS FOR THE COUNTY OF SCOTLAND.

(Filed 19 December 1963.)

Injunctions § 8—

An action to enjoin the holding of a county-wide election is properly dismissed when plaintiff seeks only injunctive relief and he does not allege that he or persons similarly situated will be irreparably injured by the holding of the election and no facts are asserted from which such result may be inferred.

APPEAL by plaintiff from *McKinnon, J.,* October 1963 Civil Session of SCOTLAND.

*Bailey, Dixon & Wooten for plaintiff.*

*Smith, Leach, Anderson & Dorsett and Henry A. Mitchell, Jr., for defendants.*

PER CURIAM. Plaintiff, a citizen, resident, property owner and taxpayer of Scotland County, on behalf of himself and others similarly situated, instituted this action to enjoin the holding of a county-wide election called by the County Commissioners of Scotland County pursuant to procedure provided by Chapter 707, Session Laws 1963. The election, in accordance with said Act of the General Assembly, submits to the electorate of Scotland County proposals for the merger of the school administrative units of the City of Laurinburg and Scotland County, construction of a new consolidated high school, issuance of bonds for such construction and other purposes, requirement that there be appropriated annually from local sources funds to provide for a minimum per student expenditure for current school expenses, and authorization of a levy by the County Commissioners of a supplemental school tax not to exceed 50 cents on $100 valuation. The complaint alleges that the Act in question contravenes certain provisions of the North Carolina Constitution.

A jury trial was waived and the cause was heard upon the admissions in the pleadings and facts stipulated. The court declared the Act constitutional, refused to enjoin the election and dismissed the action.

We do not reach the constitutional questions and make no adjudication with respect thereto. Plaintiff seeks only injunctive relief. His allegations are insufficient to invoke the equity jurisdiction of the court. It is not alleged that plaintiff or persons similarly situated will be ir-

reparably injured by the holding of the election, and no facts are asserted from which such result may be inferred. *Clinton v. Ross,* 226 N.C. 682, 689, 40 S.E. 2d 593. To maintain an action to enjoin an election plaintiff must allege facts sufficient to show that he will suffer direct injury or that his civil or property rights will be invaded thereby. *Hill v. Comrs. of Greene,* 209 N.C. 4, 182 S.E. 709.

The judgment below, in denying injunctive relief and dismissing the action, is

Affirmed.