IN THE MATTER OF MARK MITCHELL EZZELL, MAGISTRATE

No. 9318SC208

(Filed 18 January 1994)

1. **Judges, Justices, and Magistrates § 49 (NCI4th) — magistrate's removal hearing — case presented by district attorney — legality — no injury to respondent — no standing to raise issue**

   Respondent did not have standing to raise the issue of the legality of the district attorney's presence in a magistrate's removal hearing, since respondent could not show that he had

sustained any distinct injury by the involvement of the district attorney or that, had the trial court appointed an independent counsel to present the case against him, a different result would have occurred. N.C.G.S. § 7A-173(c); N.C. Const. art. IV, § 18.

**Am Jur 2d, Judges § 2.**

2. **Judges, Justices, and Magistrates § 49 (NCI4th)— removal of magistrate — no automatic conflict of interest by judge conducting hearing**

There was no merit to respondent's contention that as a matter of law every Resident Regular Superior Court Judge who appoints a magistrate has a personal bias or prejudice and thus must be disqualified under Canon 3(C)(1)(a) of the Code of Judicial Conduct from conducting a magistrate's removal hearing pursuant to N.C.G.S. § 7A-173(c).

**Am Jur 2d, Judges § 2.**

Appeal by respondent from order entered 8 October 1992 in Guilford County Superior Court by Judge W. Douglas Albright. Heard in the Court of Appeals 7 December 1993.

*Attorney General Michael F. Easley, by Assistant Attorney General Jeffrey P. Gray, for the State.*

*Wyatt Early Harris Wheeler & Hauser, by John Bryson, for respondent-appellant.*

GREENE, Judge.

Mark Mitchell Ezzell (Ezzell) appeals from an order permanently removing him from office as Magistrate in the Eighteenth Judicial District.

Written charges against Ezzell were filed by Melissa K. Halloran (Halloran) on 15 September 1992 in the Office of the Clerk of Superior Court of Guilford County. Halloran alleged that Ezzell "[o]n August 13, 1992, while on duty and in the discharge of his official duties as Magistrate, put his hand upon her bare ankle and pushed her pant leg up . . . [and] put his hand upon and grabbed her breast, all without her permission or consent." Upon examination of the charges, J. Bruce Morton, Chief District Court Judge for the Eighteenth Judicial District, on 21 September 1992, entered an "Order

and Notice of Suspension," pursuant to N.C. Gen. Stat. § 7A-173(b) (1989), finding that "such charges, if true, constitute grounds for [Ezzell's] removal from office" and suspended Ezzell "with pay, from the performance of [his] official duties as magistrate." Judge Morton further ordered that the matter "be set for public hearing before the Honorable W. Douglas Albright, Senior Resident Superior Court Judge of the Eighteenth Judicial District, on the 2nd day of October, 1992 . . . at which time said Superior Court Judge will determine whether grounds for removal . . . exist." On 22 September 1992, Judge Albright wrote a letter to Horace M. Kimel, Jr., the District Attorney for the Eighteenth Judicial District, informing him of the charges against Ezzell and "requesting that [his] office present the case against [Ezzell] at the hearing." The letter goes on to say that "[y]our duties would be to investigate the case and interview the witness(es) in support of the charges[,] . . . question the witnesses in support of the charges and cross examine . . . Ezzell and/or his witnesses. Thereafter, you would present a final argument. I will be most grateful to you if you will accept this responsibility."

The matter, pursuant to N.C. Gen. Stat. § 7A-173(c), came on for hearing before Judge Albright on 2 October 1992. At the hearing, Ezzell was present and represented by counsel. Also appearing was Howard P. Neumann, Assistant District Attorney for the Eighteenth Judicial District. Prior to the taking of any evidence, Ezzell objected "to the state's being represented" in the proceeding. The objection was overruled by Judge Albright. Mr. Neumann then presented evidence in support of the charges and Ezzell presented evidence in opposition to the charges. Ezzell and his witnesses were cross-examined by Mr. Neumann. Mr. Neumann also made a final argument to Judge Albright in support of the charges.

On 8 October 1992 Judge Albright signed an "Order of Removal" decreeing that Ezzell be permanently removed from office and that his salary be terminated. Included in the order were detailed findings of fact and conclusions of law. The court found as a fact that the allegations made by Halloran were true and concluded that such conduct constituted "willful misconduct in office and conduct prejudicial to the administration of justice that brings the judicial office into disrepute."

IN RE EZZELL

[113 N.C. App. 388 (1994)]

The issues presented are whether (I) Ezzell had standing to raise the issue of the legality of the district attorney's presence in a magistrate's removal hearing, (II) the findings of fact are supported by evidence in the record; and (III) Ezzell was denied due process of law because the trial judge was not an impartial decision maker.

I

[1] Ezzell argues that "Judge Albright's request that the District Attorney's office of the 18th Judicial District present the case against [him] was erroneous and in violation of the constitutional limits of the office of the District Attorney." In support of this argument Ezzell directs our attention to Article IV, Section 18 of the North Carolina Constitution and N.C. Gen. Stat. § 7A-173(c). Article IV, Section 18 of the North Carolina Constitution provides that the

District Attorney shall advise the officers of justice in his district, be responsible for the prosecution on behalf of the State of all criminal actions in the Superior Courts of his district, perform such duties related to appeals therefrom as the Attorney General may require, and perform such other duties as the General Assembly may prescribe.

N.C. Gen. Stat. § 7A-173(c) provides

(c) If a hearing, with or without suspension, is ordered, the magistrate against whom the charges have been made shall be given immediate written notice of the proceedings and a true copy of the charges, and the matter shall be set by the chief district judge for hearing before the senior regular resident superior court judge or a regular superior court judge holding court in the district or set of districts as defined in G.S. 7A-41.1(a) in which the county is located. The hearing shall be held in a county within the district or set of districts not less than 10 days nor more than 30 days after the magistrate has received a copy of the charges. The hearing shall be open to the public. All testimony offered shall be recorded. At the hearing the superior court judge shall receive evidence, and make findings of fact and conclusions of law. If he finds that grounds for removal exist, he shall enter an order permanently removing the magistrate from office, and terminating his salary.

If he finds that no such grounds exist, he shall terminate the suspension, if any.

N.C.G.S. § 7A-173(c) (1989).

Ezzell argues that because both the constitution and the statute are silent on the authority of the district attorney to present the case in support of the removal of a magistrate and because there are no other statutes authorizing such action by the district attorney, the district attorney acts unconstitutionally if he does appear in a Section 173(c) proceeding. This alleged unconstitutional conduct, Ezzell contends, requires a new trial.

Although Ezzell's argument may have merit, we do not reach the issue he attempts to raise because he does not have standing to raise the issue. A party has the necessary standing to raise the constitutionality of a law or act only if he "has sustained or is immediately in danger of sustaining a direct injury [in fact] as the result of that action and it is not sufficient that he has merely a general interest common to all members of the public." *Watkins v. City of Wilson*, 255 N.C. 510, 512, 121 S.E.2d 861, 862 (1961), *cert. denied*, 370 U.S. 46, 8 L. Ed. 2d 398 (1962) (quoting *Ex Parte Albert Levitt*, 302 U.S. 633, 634, 82 L.Ed. 493 (1937)); *Armstrong v. Armstrong*, 322 N.C. 396, 400, 368 S.E.2d 595, 597 (1988); *Greene v. Town of Valdese*, 306 N.C. 79, 88, 291 S.E.2d 630, 636 (1982); *Murphy v. Davis*, 61 N.C. App. 597, 600, 300 S.E.2d 871, 873 (must have sustained an "injury in fact"), *disc. rev. denied*, 309 N.C. 192, 305 S.E.2d 735 (1983); *In re Jackson*, 60 N.C. App. 581, 584, 299 S.E.2d 677, 679 (1983) ("must be adversely affected"); 16 C.J.S. *Constitutional Law* § 65, at 170-72 (1984). "The keystone for defining injury in fact is the requirement that it be 'distinct and palpable'—and conversely that it not be 'abstract' or 'conjectural' or 'hypothetical.'" Laurence H. Tribe, *American Constitutional Law* § 3-16, at 114 (2d ed. 1988) [hereinafter *Tribe*] (quoting *Allen v. Wright*, 468 U.S. 737, 751, 82 L. Ed. 2d 556, 569-70 (1984)). The injury in fact "requirement includes as a corollary a requirement that a litigant show that the challenged government action caused the litigant's injury." *Tribe* § 3-18, at 129. That is, the party who asserts standing must "establish that, in fact, the asserted injury was the consequence of the . . . [alleged unconstitutional] actions, or that prospective relief will remove the harm." *Tribe* § 3-18, at 129-30 (quoting *Warth v. Seldin*, 422 U.S. 490, 505, 45 L. Ed. 2d 343, 358 (1975)).

Ezzell, as the basis for his right to assert the alleged unconstitutional actions of the district attorney, claims that "the District Attorney's involvement brought to bear all of the resources of the State against" him and that as a consequence he was prejudiced. For us to agree with Ezzell we must accept that had the trial court, under its inherent authority, *see In The Matter of The Alamance County Court Facilities*, 329 N.C. 84, 93-94, 405 S.E.2d 125, 129 (1991), appointed an independent counsel to present the case against Ezzell, a different result would have occurred. This would require inferences that we are not prepared to make and amount to nothing more than conjecture. The conclusion that Ezzell draws from the district attorney's involvement in the case, that he was prejudiced, does not necessarily follow.

In any event, were we to hold that Ezzell has standing to raise the constitutional issue and were we to hold that it was error for the district attorney to present the charges in a Section 173(c) proceeding, Ezzell would be entitled to a new trial only if he could show that a different result would have been reached had the district attorney not appeared. N.C. Gen. Stat. § 1A-1, Rule 61 (1990); *Lee v. Keck*, 68 N.C. App. 320, 327, 315 S.E.2d 323, 328, *disc. rev. denied*, 311 N.C. 401, 319 S.E.2d 271 (1984). Ezzell is not entitled to a new trial for the same reasons we have given for holding he does not have standing. He simply cannot show that a different result would probably have occurred had the district attorney not appeared in the case.

II

Ezzell argues that the findings of fact entered by the trial judge were not supported by the evidence. We disagree. Although the evidence was in great dispute, there is competent evidence in the record to support the findings of the trial court and the findings are thus conclusive on appeal. *Little v. Little*, 9 N.C. App. 361, 365, 176 S.E.2d 521, 523-24 (1970).

III

[2] Ezzell finally argues that because the trial judge, as the senior regular resident superior court judge, is also responsible for appointing magistrates, N.C. Gen. Stat. § 7A-171(b), there existed "an automatic conflict of interest," and he was therefore denied an "unbiased, impartial decision maker." We disagree. A trial judge should disqualify himself or herself where he or she "has a personal

bias or prejudice concerning a party." Code of Judicial Conduct, Canon 3(C)(1)(a) (1993). A party claiming bias or prejudice may move for recusal and in such event has the burden of demonstrating "objectively that grounds for disqualification actually exist." *State v. Kennedy*, 110 N.C. App. 302, 305, 429 S.E.2d 449, 451 (1993). In this case there was no motion in the trial court that Judge Albright recuse himself and thus there is no evidence in this record of any personal bias or prejudice. Furthermore, we do not accept that as a matter of law every Resident Regular Superior Court Judge who appoints a magistrate has a personal bias or prejudice and thus must be disqualified under Canon 3 from conducting a magistrate's removal hearing pursuant to N.C. Gen. Stat. § 7A-173(c).

Affirmed.

Judge WYNN concurs.

Judge COZORT concurs in the result.