JWL INVESTMENTS, INC. AND THAD CRAVEN, PETITIONERS v. THE GUILFORD COUNTY BOARD OF ADJUSTMENT AND GUILFORD COUNTY, RESPONDENTS

No. COA98-1081

(Filed 1 June 1999)

## 1. Zoning— Board of Adjustment member—conflict of interest

Although petitioners in a Board of Adjustment decision involving a claim of grandfathered property contended on appeal that their due process rights were violated because one of the members of the Board was a former planning department employee who had been consulted about the possibility of rezoning the property, the assignment of error was without merit because petitioners did not object during the hearing and made no showing of prejudice.

## 2. Zoning— denial of nonconforming use—supporting authority for Board's decision

The Board of Adjustment had ample authority to support its decision that petitioners' use of their property was not "grandfathered" where petitioners presented no evidence to establish a continuous nonconforming use and respondents presented evidence showing that the use had not been continuous.

## 3. Zoning— scenic corridor ordinance—not an unconstitutional taking

A scenic corridor ordinance did not deprive petitioners of all economically beneficial or productive use and no unconstitutional taking occurred.

**4. Zoning— Board of Adjustment—authority to impose civil penalty**

The Guilford County Board of Adjustment had the authority to impose civil penalties because, under N.C.G.S. § 153A-345(b), the Board possesses all of the powers of the enforcement officer and the Guilford County ordinance states that an enforcement officer may impose civil penalties.

**5. Zoning— denial of nonconforming use—substantial evidence**

The trial court properly concluded that there was substantial evidence to affirm the decision of a Board of Adjustment denying a nonconforming use and the decision of the Board was not arbitrary and capricious.

**6. Zoning— statutes—constitutional protections**

N.C.G.S. §§ 153A-340 through 345 provide adequate constitutional protections for an aggrieved party.

Appeal by petitioners from judgment entered 9 June 1998 by Judge Michael E. Beale in Guilford County Superior Court. Heard in the Court of Appeals 22 April 1999.

*Max. D. Ballinger for petitioners-appellants.*

*Guilford County Attorney's Office, by Deputy County Attorney J. Edwin Pons, for respondents-appellees.*

WALKER, Judge.

Petitioners own a tract of land in Guilford County, North Carolina located behind 7964 National Service Road, on County Tax Map ACL-94-6999, Block 1093, Parcel 35 in Deep River Township. The property adjoins the right-of-way of Interstate 40 (I-40). The property is zoned RS-40, a residential zoning classification and is subject to a scenic corridor ordinance.

On 22 November 1996, petitioners were served by the Guilford County Planning and Development Department with a "Notice of Violation." The cited violation on the property was "a vehicle storage yard which is not a permitted use in the RS-40 zoned district and in the scenic corridor" pursuant to Guilford County Development Ordinance § 4-3.1 (Table 4-3-1) Permitted Use Schedule. Petitioners appealed from the notice of violation and on 4 March 1997, a hearing

was held before the Guilford County Board of Adjustment (the Board). At the hearing, petitioners admitted using the property to store vehicles on a residential lot in a scenic corridor, but argued that such use should be allowed to continue as the property was also previously used, in part, to store commercial vehicles. Petitioners acquired an interest in the property sometime before 1987. Petitioners alleged the property was used to park operable vehicles which they either use or sell at their business in Rockingham County. Prior to petitioners' ownership of the property, it was owned by an individual with a concrete business who littered it with debris and stored both junked and operable vehicles. Petitioners presented testimony from two neighbors as to the use of the property by its previous owners. Respondents presented evidence of aerial photos of the property taken in 1970, 1986, and 1991 which showed the property to be undeveloped and not in use. The notice of violation was affirmed and the Board gave petitioners 45 days to comply before the start of any civil penalties.

The petitioners sought review by filing a writ of certiorari and on 25 May 1998 a hearing was held. The trial court then entered judgment on 9 June 1998 in which it affirmed the decision of the Board and remanded the case to the Board for imposition of civil penalties.

On appeal, petitioners contend the trial court committed prejudicial error: (1) in finding petitioners' due process rights were not violated; (2) in finding that the Board did not lack authority to support its decision; (3) in finding and concluding that the Board had authority to impose civil penalties; (4) in finding and concluding that N.C. Gen. Stat. § 153A-340 through 345 afforded adequate constitutional protections; (5) in finding that the decision of the Board was not arbitrary and capricious, oppressive, and attended with manifest abuse of authority; and (6) in finding the decision of the Board was supported by competent, material, and substantial evidence in the whole record.

In reviewing the decisions of a board of adjustment, the trial court sits in the posture of an appellate court and is responsible for the following:

(1) Reviewing the record for errors of law,

(2) Insuring that procedures specified by law in both statutes and ordinances are followed,

JWL INVS., INC. v. GUILFORD COUNTY BD. OF ADJUST.

[133 N.C. App. 426 (1999)]

(3) Insuring that appropriate due process rights of a petitioner are protected including the right to offer evidence, cross-examine witnesses, and inspect documents,

(4) Insuring that decisions of town boards are supported by competent, material and substantial evidence in the whole record, and

(5) Insuring that decisions are not arbitrary and capricious.

*Concrete Co. v. Board of Commissioners*, 299 N.C. 620, 626, 265 S.E.2d 379, 383, *rehearing denied*, 300 N.C. 562, 270 S.E.2d 106 (1980); *Ball v. Randolph Co. Bd. of Adjust.*, 129 N.C. App. 300, 302, 498 S.E.2d 833, 834, *disc. review improvidently allowed*, 349 N.C. 348, 507 S.E.2d 272 (1998); *See also*, N.C. Gen. Stat. § 153A-345(e) (Cum. Supp. 1997). If a petitioner contends the Board's decision was based on an error of law, "de novo" review is proper. *In re Appeal of Willis*, 129 N.C. App. 499, 501, 500 S.E.2d 723, 725 (1998). However, if the petitioner contends the Board's decision was not supported by the evidence or was arbitrary and capricious, then the reviewing court must apply the "whole record" test. *Id.* It is not the function of the reviewing court, upon writ of certiorari under N.C. Gen. Stat. § 153A-345(e), to find the facts, but instead, it is to determine if the findings made by the Board are supported by the evidence. *Godfrey v. Zoning Bd. Of Adjustment*, 317 N.C. 51, 54, 344 S.E.2d 272, 274 (1986). The role of appellate courts is to review the trial court's order for errors of law. *Id.* "The process has been described as a two-fold task: (1) determining whether the trial court exercised the appropriate scope of review and, if appropriate, (2) deciding whether the court did so properly." *Willis*, 129 N.C. App. at 501, 500 S.E.2d at 726, (*quoting Act-Up Triangle v. Commission for Health Services*, 345 N.C. 699, 706, 483 S.E.2d 388, 392 (1997)).

The petitioners' first several assignments of error relate to whether an error of law was committed by the trial court and as such, *de novo* review is proper and this review requires a court "to consider a question anew." *See Willis*, 129 N.C. App. at 501, 500 S.E.2d at 726; *Amanini v. N.C. Dept. of Human Resources*, 114 N.C. App. 668, 674, 443 S.E.2d 114, 118 (1994). We find the trial court applied the appropriate standard of review; thus, we look to see if "the court did so properly." *See Willis*, 129 N.C. App. at 501, 500 S.E.2d at 726.

[1] First, petitioners argue that their due process rights were violated because one of the members of the Board was a former

employee of the County Planning Department, and in that capacity, she had been consulted by petitioners about the possibility of rezoning the property. "A party claiming bias or prejudice may move for recusal and in such event has the burden of demonstrating 'objectively that grounds for disqualification actually exist.' " *In re Ezzell,* 113 N.C. App. 388, 394, 438 S.E.2d 482, 485 (1994) (*quoting State v. Kennedy,* 110 N.C. App. 302, 305, 429 S.E.2d 449, 451 (1993)). The petitioners did not object during the hearing to this member's presence on the Board. Furthermore, petitioners have made no showing that they were prejudiced by this member's participation in the case. Thus, we find this assignment of error to be without merit.

**[2]** Next, petitioners argue that the trial court erred in finding that the Board did not lack authority to support its decision. Petitioners concede that the use of their property does not conform with the ordinance; however, they contend that the use of their property to store vehicles is "grandfathered in." According to § 3-14.2(B)(4) of the County's development ordinance, a non-conforming use of property that pre-dates the enactment of an ordinance is permitted so long as the non-conforming use is not discontinued for a period of time greater than one year. At the hearing, petitioners presented testimony from Jane Wood, a resident of the area who related the uses of property in the surrounding area and the petitioners present use of the property and Ruth Cannon, the Secretary of J.W.L. Associates, who testified to the previous owner's use of the property. Petitioners presented no evidence to establish a continuous non-conforming use of the property which would entitle them to be "grandfathered in." On the contrary, respondents presented evidence consisting of aerial photographs that showed the non-conforming use had not been continuous since the imposition of the ordinances.

Property uses that are non-conforming are not favored by the law. *CG&T Corp. v. Bd. of Adjustment of Wilmington,* 105 N.C. App. 32, 39, 411 S.E.2d 655, 659 (1992). "Zoning ordinances are construed against indefinite continuation of a non-conforming use." *Forsyth Co. v. Shelton,* 74 N.C. App. 674, 676, 329 S.E.2d 730, 733 (1985). Thus, we find the Board has ample authority with which to support its decision.

**[3]** Petitioners further contend the scenic corridor ordinance is unconstitutional on its face and, as applied in this case, it amounts to a taking of property without just compensation in violation of the Fifth and Fourteenth Amendments of the United States Constitution. Specifically, petitioners argue the property is unacceptable for resi-

dential purposes because it adjoins I-40. In order to determine whether an unconstitutional taking of property has occurred, it must be determined whether, under the "ends means" test, the particular exercise of police power by the government was legitimate, whether the means chosen to regulate are reasonable, and "whether the ordinance was invalid because the interference with the plaintiffs' use of the property amounted to a taking." *Guilford Co. Dept. of Emer. Serv. v. Seaboard Chemical Corp.*, 114 N.C. App. 1, 11-12, 441 S.E.2d 177, 183, *disc. review denied*, 336 N.C. 604, 447 S.E.2d 390 (1994) (*quoting Finch v. City of Durham*, 325 N.C. 352, 363, 384 S.E.2d 8, 14, *reh'g denied*, 325 N.C. 714, 388 S.E.2d 452 (1989)). An interference with property rights amounts to a taking where the plaintiffs are deprived of "all economically beneficial or productive use." *Id.*

The legitimacy and reasonableness of enforcement of the ordinance are not contested; therefore, we need only address whether the ordinance is invalid because it constitutes a taking. *See id.* We conclude the scenic corridor ordinance has not deprived petitioners of "all economically beneficial or productive use" of their property. Thus, no unconstitutional taking has occurred.

**[4]** Next, petitioners argue the trial court erred in finding and concluding the Board had authority to impose civil penalties. We note that the Board stayed the imposition of a civil penalty for 45 days. N.C. Gen. Stat. § 153A-345(b) (1991) provides:

> The board of adjustment may reverse or affirm, in whole or in part, or may modify the order, requirement, decision, or determination appealed from, and shall make any order, requirement, decision, that in its opinion ought to be made in the circumstances. To this end the board has all of the powers of the officer from whom the appeal is taken.

Section 8-4 of the Guilford County Development Ordinance states that an enforcement officer may impose civil penalties against any person who violates a provision of the ordinance. Therefore, since the Board posseses all of the powers of the enforcement officer for non-compliance, the trial court did not err in finding that the Board had authority to impose civil penalties.

**[5]** Petitioners' last two assignments of error concern whether the decisions of the Board are supported by substantial, competent evidence or are arbitrary and capricious, thus the reviewing court looks to the "whole record" to determine whether the Board's findings are

supported by substantial evidence in the whole record. *See Whiteco Outdoor Adver. v. Johnston County Bd. of Adjust.*, 132 N.C. App. 465, 513 S.E.2d 70 (1999). Substantial evidence is "evidence a reasonable mind might accept as adequate to support a conclusion." *Hayes v. Fowler*, 123 N.C. App. 400, 405, 473 S.E.2d 442, 445 (1996). Furthermore, a decision will be reversed and found to be arbitrary and capricious only when it is established by the petitioner that "the decision was whimsical, made patently in bad faith, [or] indicates a lack of fair and careful consideration." *Whiteco Outdoor Adver.*, 132 N.C. App. at 468, 513 S.E.2d at 73. "When the Court of Appeals applies the whole record test and reasonable but conflicting views emerge from the evidence, the Court cannot substitute its judgment for the administrative body's decision." *CG&T Corporation*, 105 N.C. App. at 40, 411 S.E.2d at 660. We find the trial court exercised the appropriate scope of review; thus, we look to see if "the court did so properly." *See Willis*, 129 N.C. App. at 501, 500 S.E.2d at 726.

Here, the trial court properly concluded that there was substantial evidence to affirm the decision of the Board. Therefore, the decision of the Board was not arbitrary and capricious in finding that petitioners violated the ordinances and the trial court did not err.

[6] As to petitioners' remaining assignment of error that N.C. Gen. Stat. §§ 153A-340 through 345 fail to provide adequate constitutional protections for an aggrieved party such as the petitioners, we agree with the trial court that this contention is without merit.

Affirmed.

Judges WYNN and HUNTER concur.