HUNTER, JR., ROBERT N., Judge.
Datina L. Ingram ("Defendant") appeals from an order of the trial court finding her guilty of contempt beyond a reasonable doubt and terminating her probation as unsuccessful. For the following reasons, we vacate the trial court's order.
I. Factual & Procedural History
On 14 January 2013 Defendant was indicted for: (1) obtaining a controlled substance by fraud, forgery or subterfuge; (2) exploitation of an elder or disabled adult by abuse of position of trust; and (3) possession of a schedule II substance. The indictment alleges Defendant stole medication while working as a caregiver. On 25 April 2013, the State issued a Bill of Information, charging Defendant with felony possession of a schedule I substance. On the same day, Defendant pled guilty to one count of felony possession of a schedule I substance and one count of misdemeanor possession of a schedule II substance. Pursuant to a plea agreement, the State dismissed the remaining charges against Defendant. The trial court judge Bradley Letts sentenced Defendant to twelve months' supervised probation and ordered her to complete twenty-four hours of community service. Additionally, the trial court ordered the following probation condition: "Obtain a substance abuse assessment, monitoring or treatment as follows: TASC OR STEPPING STONE." Stepping Stone of Boone is a mental health facility located in Boone, North Carolina.[1] Stepping Stone is licensed by the North Carolina Department of Health and Human Services and is certified by the U.S. Department of Health and Human Services for its opioid treatment program.
Two months prior to Defendant's sentencing, on 19 February 2013, the Avery County Senior Resident Superior Court Judge C. Philip Ginn issued a memorandum to all probation officers, court officials, staff, and attorneys, stating "Stepping Stone of Boone ... will no longer be [an] acceptable treatment facilit[y] for those on probation in this District." Judge Ginn's memorandum stated his belief that "the use of drugs such as suboxone and methadone in the supposed treatment of addictions" causes "numerous problems." The memorandum directed probation officers:
[S]hould you do intake on an individual who is currently undergoing treatment with one, or both, of these drugs as part of drug addiction treatment, they should be given reasonable time to stop the use of the drugs. Without any additional orders from a presiding judge, these individuals will be given ninety (90) days to completely detox from these drugs.
After sentencing, Defendant continued her treatment at Stepping Stone in accordance with Judge Letts' order. Defendant was assigned a probation officer, Regina Hoilman. According to Hoilman, on 17 May 2013 she explained Judge Ginn's order to Defendant, and told Defendant she needed to provide a detox schedule from Stepping Stone. On 5 August 2013, Dr. Jana Burson (a medical doctor employed at Stepping Stone) sent Hoilman a letter regarding Defendant's treatment at Stepping Stone. The letter begins by stating Defendant requested to be tapered off of buprenorphine, for fear she will otherwise violate her probation. Dr. Burson stated "[a]lthough it is against my medical advice at this time, and may result in relapse ... I've honored [Defendant's] request. [Defendant] will begin a safe taper of her medication in an effort to avoid more legal troubles."
Nevertheless, on 11 October 2013, Hoilman filed a probation violation report against Defendant. The report alleges "the Defendant has failed to provide any detox schedule to the PO. As of 10/07/13 the Defendant is still using Stepping Stone as a Treatment facility." The violation report specifically references Judge Ginn's memorandum. Defendant's attorney filed a motion to dismiss the probation violation, stating "Defendant has not violated a valid condition of her probation, and is otherwise in full compliance with all conditions of her probation[.]"
Defendant's probation violation was initially set to be heard on 21 November 2013. Judge Ginn was the judge presiding on that date. However, Defendant's attorney was unable to be in court on that date, so Judge Ginn continued the matter to 19 March 2014. Defendant later executed an affidavit stating her belief that Judge Ginn purposefully set her case on 19 March 2014 so he could preside over her case. On 10 February 2014 Defendant filed a complaint with the United States Department of Justice alleging Judge Ginn's policy against the use of drugs in the treatment of drug addictions violated her rights under Title II of the Americans with Disabilities Act.
On 12 March 2014, Defendant's attorney filed a Motion to Recuse or Disqualify, requesting Judge Ginn be disqualified from hearing Defendant's probation violation because: (1) "the meaning, effect, and validity of Judge Ginn's February 19, 2013 Memorandum will be at issue in the Defendant's probation violation case," and (2) "Judge Ginn could not remain impartial and unbiased against the Defendant because she has filed a complaint with the United States Department of Justice challenging her alleged probation violations and the February 19, 2013 Memorandum[.]" On 19 March 2014, Defendant's attorney and the Assistant District Attorney met with Judge Ginn in camera. According to the stipulations included in the record, while in chambers on 19 March 2014, Judge Ginn informed the parties he would not recuse himself and he was denying Defendant's motion to dismiss. The parties agreed to continue the case to 23 July 2014.
Defendant's probation violation came on for hearing in front of Judge Ginn on 24 July 2014. The hearing lasted fifteen minutes. Defendant's probation officer stated in open court "[Defendant] has not detoxed to the best of my knowledge. If she has, she's certainly not provided me with any information about that." Immediately thereafter, Judge Ginn gave the following oral order:
[T]he Court has determined that the defendant has violated her probation for her failure to remove herself from the program and the violations are willful, without cause and substantive. The Court hereby orders that the defendant be incarcerated in the common jail of Avery County for a period of five days and her probation will thereafter be terminated unsuccessfully.
Defendant's attorney immediately gave oral notice of appeal, and made a motion to stay the trial court's order pending appeal. Defendant's motion was denied. Defendant's attorney asked Judge Ginn for the grounds for the denial of his motion to stay, to which Judge Ginn never responded. Defendant's attorney asked if he could approach the bench, to which Judge Ginn responded "I'm not really very interested in talking to you, Mr. Kepley, right now, and I may not be very interested in the future." Defendant was taken from the courtroom to jail.
In support of his oral order, Judge Ginn entered a written Order on Violation of Probation, dated 24 July 2014. The order found "the defendant is guilty of contempt beyond a reasonable doubt ... [i]t is ORDERED that the defendant for willful contempt be imprisoned for 5 days in the custody of the sheriff ... PROBATION SHALL BE TERMINATED UNSUCCESSFULLY." Defendant filed timely written notice of appeal of Judge Ginn's order on 5 August 2014.
On 23 January 2015, the State moved this Court to dismiss Defendant's appeal. The State first argued Defendant's appeal was moot on the issue of the contempt order because Defendant has already served her five-day prison sentence. Second, the State argued Defendant had no right to appeal the order terminating Defendant's probation because the trial court neither activated a suspended sentence nor imposed a term of special probation. We disagreed. On 21 April 2015 we denied the State's motion to dismiss Defendant's appeal.
II. Jurisdiction
Jurisdiction lies in this Court pursuant to N.C. Gen.Stat. § 7A-27(b) (2014), which provides for an appeal of right to the Court of Appeals from any final judgment of a superior court.
III. Analysis
Defendant presents this Court with seven issues on appeal. Defendant contends Judge Ginn erred in: (1) failing to dismiss the probation violation; (2) finding Defendant violated her probation; (3) finding Defendant to be in contempt and imprisoning her for five days; (4) terminating her probation as unsuccessful; (5) failing to recuse himself; (6) imposing an unlawful condition on probation in violation of the North Carolina Persons with Disabilities Act ("PWDA"); and (7) imposing an unlawful condition of probation in violation of the Americans with Disabilities Act ("AWDA").
As an initial matter, the record on appeal indicates the parties stipulated to the following fact: "In chambers on 19 March 2014, Judge Ginn informed Defendant's counsel and the State's attorney that he would not recuse himself and that he was denying Defendant's counsel's Motion to Dismiss." Aside from this stipulation, the record contains nothing that would facilitate meaningful appellate review of Judge Ginn's alleged denial of either Defendant's motion to dismiss or Defendant's motion to recuse. Defendant's motions were never heard in court, nor did Judge Ginn issue any ruling-whether oral or written-on the merits of these motions. Therefore, we cannot address Defendant's assignments of error numbers (1) or (5).
We address Defendant's remaining assignments of error in the following order: first, errors involving Defendant's probationary sentence and alleged violation thereof; second, errors involving the trial court's finding of contempt and imposition of a five-day prison sentence; and third, errors involving alleged violations of the North Carolina PWDA and the AWDA.
A. Defendant's Probation Violation
Defendant argues the trial court erred in terminating her probation unsuccessfully. We agree. The following standard of review applies:
A hearing to revoke a defendant's probationary sentence only requires that the evidence be such as to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has willfully violated a valid condition of probation or that the defendant has violated without lawful excuse a valid condition upon which the sentence was suspended. The judge's finding of such a violation, if supported by competent evidence, will not be overturned absent a showing of manifest abuse of discretion.
State v. Young,190 N.C.App. 458, 459, 660 S.E.2d 574, 576 (2008) (citation and quotation marks omitted). "Though trial judges have discretion in probation proceedings, that discretion implies conscientious judgment, not arbitrary or willful action. It takes account of the law and the particular circumstances of the case, and is directed by the reason and conscience of the judge as to a just result." State v. Talbert,221 N.C.App. 650, 653, 727 S.E.2d 908, 911 (2012).
In this case, one condition of Defendant's probation was that she "[o]btain a substance abuse assessment, monitoring or treatment as follows: TASC OR STEPPING STONE[.]" Therefore, Defendant could only have violatedher probation by participating in treatment with Stepping Stone if the conditions of her probation were validly modified. N.C. Gen.Stat. § 15A-1343 provides "[i]f any modification of the terms of ... probation is subsequently made, [the probationer] must be given a written statementsetting forth the modifications." N.C. Gen.Stat. § 15A-1343(c) (2014) (emphasis added). Assuming without deciding Judge Ginn's memorandum sets forth lawful probationary conditions, such conditions cannot be imposed on Defendant without written notice. The evidence in the record shows probation officer Hoilman "explained" Judge Ginn's memorandum to Defendant and "told" her "she needed to provide the PO with a detox schedule from Stepping Stone." Therefore, the conditions of Defendant's probation were never validly modified, as they were never provided to Defendant in writing. Judge Ginn abused his discretion by terminating Defendant's probation unsuccessfully, since Defendant did not violate any term of her probation.
B. The Trial Court's Contempt Finding
Defendant next argues the trial court erred in finding her in contempt and ordering she be imprisoned for five days. We agree. "The standard of review for contempt proceedings is limited to determining whether there is competent evidence to support the findings of fact and whether the findings support the conclusions of law." Watson v. Watson,187 N.C.App. 55, 64, 652 S.E.2d 310, 317 (2007).
"If a defendant willfully violates a condition of probation, the court may hold the defendant in criminal contempt as provided in Article 1 of Chapter 5A of the General Statutes." N.C. Gen.Stat. § 15A-1344(e1) (2014). N.C. Gen.Stat. § 5A-13 describes the two types of criminal contempt, direct and indirect:
(a) Criminal contempt is direct criminal contempt when the act:
(1) Is committed within the sight or hearing of a presiding judicial official; and
(2) Is committed in, or in immediate proximity to, the room where proceedings are being held before the court; and
(3) Is likely to interrupt or interfere with matters then before the court.
The presiding judicial official may punish summarily for direct criminal contempt according to the requirements of G.S. 5A-14 [.] ...
(b) Any criminal contempt other than direct criminal contempt is indirect criminal contempt and is punishable only after proceedings in accordance with the procedure required by G.S. 5A-15.
N.C. Gen.Stat. § 5A-13 (2014) (emphasis added). N.C. Gen.Stat. § 5A-15 requires, inter alia,that the judge pursuing an indirect criminal contempt charge "proceed by an order directing the person to appear before a judge at a reasonable time specified[,]" provide "[a] copy of the order ... to the person charged[,]" hold a "show cause" hearing, and, "[i]f the person is found to be in contempt, the judge must make findings of fact and enter judgment." N.C. Gen.Stat. § 5A-15 (2014).
Here, any alleged criminal contempt by Defendant must have been indirect contempt. There is no evidence in the transcript indicating Defendant committed any act constituting criminal contempt within the sight or hearing of Judge Ginn. Rather, the implication from the transcript is Judge Ginn considered Defendant's "failure to remove herself from the [Stepping Stone] program" to be an act of criminal contempt. Such an act, occurring outside the presence of the judge presiding, is indirect criminal contempt. As such, the presiding judge must follow the procedures of N.C. Gen.Stat. § 5A-15. None of those procedures were followed here. Instead, Judge Ginn stated in open court "the defendant has violated her probation ... and the violations are willful [.] ... The Court hereby orders that the defendant be incarcerated in the common jail of Avery County for a period of five days[.]" The only mention of "contempt" is a finding noted in Judge Ginn's Order on Violation of Probation, which indicates "the defendant is guilty of contempt beyond a reasonable doubt." Further, in its brief, the State concedes "the trial court erred by holding Defendant in contempt without providing notice or an opportunity to respond." Because Judge Ginn failed to follow the proper statutory procedures for holding Defendant in criminal contempt, his order so finding must be vacated.
C. North Carolina PWDA and AWDA
Finally, Defendant argues "Probation Officer Hoilman's reasons for the alleged violations ... are not valid because they violate The North Carolina Persons with Disabilities Protection Act" and because they violate the Americans with Disabilities Act. Defendant argues Judge Ginn's memorandum requiring detox from lawfully prescribed drugs violates both the State and federal acts because it discriminates against drug addicts.
As stated above, Defendant's conditions of probation were never properly modified to incorporate Judge Ginn's memorandum. Even if Judge Ginn's memorandum violates the North Carolina PWDA and AWDA, Defendant was never bound by the conditions of the memorandum. Therefore, we need not address these issues on appeal.
IV. Conclusion
For the foregoing reasons, the order of the trial court finding Defendant in contempt and terminating Defendant's probation unsuccessfully is vacated.
VACATED.
Chief Judge McGee and Judge Dietz concur.
Report per Rule 30(e).
Opinion
Appeal by Defendant from order entered on 24 July 2014 by Judge C. Philip Ginn in Avery County Superior Court. Heard in the Court of Appeals 20 April 2015.

The record indicates at the time of sentencing Defendant was already a patient at Stepping Stone of Boone. She began treatment at Stepping Stone in November 2012.