IN THE COURT OF APPEALS OF NORTH CAROLINA
2022-NCCOA-650

No. COA22-75

Filed 4 October 2022

Gaston County, No. 21 CVS 1417

HARVEY W. GOUCH, Plaintiff,

v.

CLIFFORD ROTUNNO AND DOLORES ROTUNNO, Defendants.

Appeal by Plaintiff from order entered 18 October 2021 by Judge Carla Archie in Gaston County Superior Court. Heard in the Court of Appeals 8 June 2022.

*Winfred R. Ervin, Jr. and Isaac Cordero, for Plaintiff-Appellant.*

*Brett E. Dressler, for Defendants-Appellees.*

WOOD, Judge.

¶ 1 Mr. Harvey Gouch ("Plaintiff") contends that the trial court erred in granting Clifford and Dolores Rotunno's ("Defendants") motion to dismiss and dismissing with prejudice Plaintiff's request for injunction and monetary damages based upon Defendants' alleged violation of a restrictive covenant. As explained below, we cannot engage in meaningful appellate review of the trial court's order because, on the record before us, we cannot determine whether the trial court ruled on Defendants' Rule 12(b)(6) motion. Consequently, we vacate the dismissal of Plaintiff's complaint and remand for further proceedings.

## I.     Factual and Procedural Background

In 2007, the property now owned by Defendants was held in ownership by Integrity Builders of NC, LLC ("Integrity"). On March 15, 2007, Integrity recorded a subdivision plat in the Gaston County Register of Deeds. The plat subdivided a tract of property owned by Integrity into sixteen residential building lots and designated the subdivisions as Stoney Brook Estates. Depicted on the plat are Lots 1-11, 30-34. The plat does not reference or refer to any type of restrictions. Defendants are the current owners of Lot 32, a property located in the Stoney Brook Estates residential subdivision of Gaston County.

On August 15, 2008, Integrity deeded eleven of the sixteen lots in Stoney Brook Estates to Plaintiff. Plaintiff's deed stated:

> THERE IS EXCEPTED from this conveyance Lots 6, 7, 8,
> 9 and 10 as shown on plat of STONEY BROOK ESTATES,
> Phase 1, which map is recorded in Map Book 73 at Page 85
> in the Gaston County Public Registry.

On July 10, 2017, Plaintiff executed and recorded in the Gaston County Register of Deeds a "Declaration of Covenants, Conditions and Restrictions for Stoney Brook Estates" ("Declaration") which purported to place restrictions on the eleven lots he owned in Stoney Book Estates. The Declaration describes that "[t]he subdivision of Stoney Brook Estates is made subject to these protective covenants" but does not lay out any references to the lots subject to the Declaration, offer legal description of

property, or reference a map book or page. The Declaration includes, among other requirements, a setback requiring all construction to be built at least 110 feet from the front property line of the lot and that the front and sides of each residence be constructed of brick, stone, or a combination of both.

¶ 4        On October 8, 2019, Plaintiff sold and conveyed Lot 32 of Stoney Book Estates to Defendants as tenants by the entirety. In 2020, Defendants constructed their home and garage within the 110-foot setback from the front property line and constructed the front and sides of their home with material other than brick and stone.

¶ 5        In a letter dated November 16, 2020, Plaintiff provided notice to Defendants of the purported violations of the Declaration and demanded that Defendants bring their Lot in compliance with the Declaration. Defendants refused to make the requested changes. Thereafter, Plaintiff filed a summons and complaint for injunctive relief and monetary damages on April 12, 2021. In response, on June 10, 2021, Defendants filed a motion to dismiss pursuant to Rule 12(b)(6), alleging that the Declaration was not applicable to Lot 32; did not "create a North Carolina Planned Community; [was] not enforceable; and [was] not enforceable by Plaintiff." On October 18, 2021, the trial court filed its written order on Defendants' motion to dismiss, granting with prejudice Defendants' motion to dismiss pursuant to Rule 12(b)(2). The trial court's written order made no reference to Defendants' Rule 12(b)(6) motion. Plaintiff filed written notice of appeal from the trial court's order on

November 12, 2021. On appeal, the parties stipulate that the trial court had personal jurisdiction over them.

## II. Analysis

¶ 6 Plaintiff and Defendants raise several issues on appeal based upon a Rule 12(b)(6) motion. Neither party raised an issue on appeal as to the trial court's Rule 12(b)(2) ruling, contending instead that it was an error in the drafting of the order. However, the parties failed to include a transcript of the hearing in the record or to file a narrative in accordance with Rule 9(c)(1) of our Appellate Rules rendering us unable to ascertain what transpired or was argued in the hearing. Accordingly, we are unable to engage in meaningful appellate review of the trial court's order because, on the record before us, we cannot determine whether the trial court ruled on Defendant's Rule 12(b)(6) motion. *See Joines v. Moffitt*, 226 N.C. App. 61, 67, 739 S.E.2d 177, 182 (2013). We are, however, able to determine from the record that Rule 12(b)(2) is not applicable in this case. Consequently, we vacate the dismissal of Plaintiff's complaint and remand for further proceedings.

### A. Appellate Jurisdiction

¶ 7 Before us, the record reflects that Defendants' motion to dismiss was granted by the trial court pursuant to Rule 12(b)(2) of the North Carolina Rules of Civil Procedure. The trial court's order states: "[t]he Court, having reviewed the Court's

file, the parties' pleadings, case law, memorandum of law, materials submitted by counsel and the arguments of counsel," Defendants' motion to dismiss "pursuant to Rule 12(b)(2) of the North Carolina Rules of Civil Procedure is GRANTED with prejudice."

¶ 8    There is no indication in the record Defendants' 12(b)(6) motion was heard in court, "nor did [the trial court judge] issue any ruling-whether oral or written" on the Rule 12(b)(6) motion. *State v. Ingram*, 242 N.C. App. 384, 776 S.E.2d 363, 2015 N.C. App. LEXIS 610, *8-9 (unpublished). The record shows that the trial court's order was based upon Rule 12(b)(2), and there is no mention of Rule 12(b)(6) in the order. Because the parties never obtained a ruling upon the Defendants' motion to dismiss pursuant to Rule 12(b)(6), according to Rule 10 of our Rules of Appellate Procedure, this issue has not been preserved for appellate review. N.C. R. App. P. 10(a)(1).

¶ 9    Consistent with Rule 28 of our Rules of Appellate Procedure, our "scope of review on appeal is limited to issues so presented in the several briefs. Issues not presented and discussed in a party's brief are deemed abandoned." N.C. R. App. P. 28(a). Thus, under this Rule, Plaintiff and Defendants' failures to present and argue in their briefs the trial court's judgment based upon Rule 12(b)(2) preclude the parties from obtaining appellate review on this issue. *Stillwell Enter. v. Interstate Equip. Co.,* 300 N.C. 286, 288, 266 S.E.2d 812, 814 (1980) (citations omitted).

¶ 10        However, in the interest of justice and judicial economy, we elect to invoke Rule 2 of our Rules of Appellate Procedure in our discretion and consider on our own initiative the trial court's ruling based upon Rule 12(b)(2). *Id.*; N.C. R. App. P. 2.

**B. Standard of Review**

¶ 11        The standard of appellate review of an order "determining personal jurisdiction is whether the findings of fact by the trial court are supported by competent evidence in the record; if so, this Court must affirm the order of the trial court." *Wyatt v. Walt Disney World, Co.*, 151 N.C. App. 158, 163, 565 S.E.2d 705, 708-09 (quoting *Replacements, Ltd. v. MidweSterling*, 133 N.C. App. 139, 140-41, 515 S.E.2d 46, 48 (1999)). "Where no findings are made, proper findings are presumed, and our role on appeal is to review the record for competent evidence to support these presumed findings." *Bruggeman v. Meditrust Acquisition Co.*, 138 N.C. App. 612, 615, 532 S.E.2d 215, 217-18, *disc. review denied*, 353 N.C. 261, 546 S.E.2d 90 (2000).

**C. Personal Jurisdiction**

¶ 12        Rule 12(b)(2) asserts the defense of the lack of personal jurisdiction. "Jurisdiction has been defined as 'the power to hear and to determine a legal controversy; to inquire into the facts, apply the law, and to render and enforce a judgment[.]' " *High v. Pearce*, 220 N.C. 266, 271, 17 S.E.2d 108, 112 (1941) (cleaned up). Personal jurisdiction relates to the "Court's ability to assert judicial power over

the parties and bind them by its adjudication." *Japan Gas Lighter Ass'n. v. Ronson Corp.*, 257 F. Supp. 219, 224 (D.N.J. 1966).

¶ 13        While Plaintiff's brief acknowledges that the trial court's order was based upon an alleged Rule 12(b)(2) motion, he contends that Defendants' motion to dismiss "was brought pursuant to Rule 12(b)(6) of the North Carolina Rule of Civil Procedure, but the trial court mistakenly identified Rule 12(b)(2) in its Order to Dismiss." Further, both parties' arguments are based upon treating the trial court's order on the motion to dismiss as an order pursuant to a Rule 12(b)(6) motion.

¶ 14        Although the parties allege that the trial court mistakenly labeled Defendant's Rule 12(b)(6) motion as a Rule 12(b)(2) motion as both parties' briefs made arguments based upon a Rule 12(b)(6) motion, our role as an appellate court is not to accept what the parties think the issue is or should be. Instead, our role "is to review the trial court's order for errors of law." *JWL Invs., Inc. v. Guilford Cnty. Bd. of Adjustment*, 133 N.C. App. 426, 429, 515 S.E.2d 715, 717-18 (1999) (citation omitted).

¶ 15        Here, the parties stipulated in the record before us that the trial court had personal jurisdiction over them. *See Hobbs v. N.C. Dep't of Hum. Res.*, 135 N.C. App. 412, 415, 520 S.E.2d 595, 598-99 (1999). Additionally, the record demonstrates that Plaintiff's complaint alleged that he is a resident of Iredell County, North Carolina and Defendants are residents of Gaston County, North Carolina. In their filed motion to dismiss, Defendants cited Rule 12(b)(6) (failure to state a claim) but did not contest

"lack of jurisdiction over the person" as grounds for dismissal. *Id.* at 415, 520 S.E.2d at 599. In light of the parties' pleadings and stipulations, it is unlikely that the trial court ruled on a Rule 12(b)(2) motion; nevertheless, the plain language of the trial court's order states the court dismissed the claims pursuant to Rule 12(b)(2). Trial courts address a great volume of cases, sometimes daily, and as a result, their orders occasionally contain clerical errors that complicate our appellate review; however, because we are able to ascertain that Rule 12(b)(2) does not apply to this case, it is in the interest of judicial economy to examine the order and in the exercise of our discretion after an individualized review, we vacate the order and remand it to the trial court for the court to enter an appropriate order. *State v. Lasiter*, 361 N.C. 299, 306, 643 S.E.2d 909, 913 (2007) ("Accordingly, in the interests of judicial economy, while this case is before us we exercise our authority under Rule 2[.]"); *see also State v. Campbell*, 369 N.C. 599, 603, 799 S.E.2d 600, 603 (2017) ("[W]hether . . . [a] matter is the rare case meriting suspension of our appellate rules is always a discretionary determination to be made on a case-by-case basis.").

¶ 16    The record does not show that Defendants argued for Plaintiff's claim to be dismissed pursuant to Rule 12(b)(2) in their pre-answer motion or memorandum in support of their motion to dismiss. However, Defendants were not precluded from arguing a Rule 12(b)(2) motion at the scheduled hearing, and there is no indication in the record what motions were heard in court because no transcripts were filed.

Because the parties "failed to include a transcript of the hearing in the record," or to file a narrative in accordance with Rule 9(c)(1) of our Appellate Rules, we are "unable to determine whether" this motion was even heard. *Lewis v. Hope*, 224 N.C. App. 322, 326, 736 S.E.2d 214, 218 (2012). Without the trial court transcripts from the October 11, 2021 hearing or a narrative, we are unable to determine whether the parties presented a Rule 12(b)(2) or Rule 12(b)(6) motion or both to the trial court below. Accordingly, we vacate the trial court's order and remand for further proceedings.

## III. Conclusion

For the above reasons, we vacate the order granting Defendants' motion to dismiss and remand to the trial court for further proceedings.

VACATED AND REMANDED.

Judge DIETZ concurs by separate opinion.

Judge MURPHY concurs.

DIETZ, Judge, concurring.

I agree with the majority that the record on appeal—in particular, the lack of a transcript of the hearing—prevents us from engaging in meaningful appellate review of the trial court's order. It is exceedingly likely that the reference to Rule 12(b)(2) is an inadvertent clerical error and that the trial court meant to reference Rule 12(b)(6). But without a transcript, we cannot be certain that the issue of personal jurisdiction was not presented to the trial court. Thus, the appropriate remedy is to remand the matter for the court to clarify its ruling.

Beyond that remand, I see no need to invoke Rule 2 and reach the merits of the personal jurisdiction issue. Rule 2 is an extraordinary remedy and there is nothing extraordinary about this case. *See State v. Bishop*, 255 N.C. App. 767, 770, 805 S.E.2d 367, 370 (2017). Given the volume of cases that trial courts must address, those courts occasionally make minor clerical errors in their rulings that complicate our appellate review. In that circumstance, our typical practice is simply to vacate and remand the case to permit the court to clarify the ruling, and that is what I would do here.